IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARIA FIGUEROA, A Parent and Natural :
Guardian of LIANA FIGUEROA, a Minor and : CIVIL ACTION
MARIA FIGUEROA, Individually :
:
v. :
:
UNITED STATES OF AMERICA and : NO. 10-7340
PAMELA J. FLENDERS, R.N., C.N.M., :
SHAWNEE T. DUREN, R.N., TEMPLE :
PHYSICIANS, INC., and TEMPLE EAST, INC. :

## MEMORANDUM

M. FAITH ANGELL                                                                               April 25, 2012
U.S. MAGISTRATE JUDGE

      Plaintiff Maria Figueroa, individually and on behalf of Liana Figueroa as her parent and guardian, has filed this medical malpractice action alleging that various aspects of the medical care provided during the labor and delivery of Liana Figueroa at Northeastern Hospital on January 28 and 29, 2009, were negligent.   Named defendants include Temple Physicians, Inc., Temple East, Inc., Pamela J. Flenders, R.N., C.N.M., and Shawnese Duran Powell, R.N. (collectively "the Temple Defendants), and the United States of America.   In her complaint, Ms. Figueroa alleges that Defendants were negligent in, *inter alia*, failing to act properly after observing abnormal fetal heart rate patterns and failing to timely perform a Cesarean section, and that this negligence caused Liana Figueroa to suffer severe hypoxic ischemic encephalopathy resulting in severe brain damage.

      Plaintiff filed her complaint on December 10, 2012.   On March 24, 2011, the United States filed its answer.   Fact-based discovery began and has been extended several times.  It is undisputed that at least one more witness, Mahood Tabatabai, M.D., remains to be deposed.  No final end date for fact-based discovery has been set, nor has expert discovery been scheduled.

      During the course of discovery, Erin Corley, P.A., was deposed as a fact witness and the transcript of her deposition was released to the parties on December 29, 2011.

      By motion filed on March 8, 2012, Defendant United States seeks leave to serve a third-party complaint against Erin Corley, P.A. for alleged negligence in medical care provided after Liana Figueroa was delivered, and seeks leave to file cross-claims against the Temple Co-Defendants.   Defendant United States argues that granting its motion will not prejudice the Plaintiff, will not raise additional legal issues and will assist in the resolution of all factual issues

connected to this lawsuit.  According to Defendant United States, it promptly filed this motion after being notified by its expert in neonatal resuscitation that Ms. Corley had not met the applicable standard of care when caring for Liana Figueroa.  *United States' Motion for Leave to File* [Docket No. 26] at pp. 3-4.

Plaintiff has not filed any response to Defendant United States' motion for leave to file a third-party complaint and cross-claims against the non-federal co-defendants.

The Temple Defendants have opposed Defendant United States' motion for leave to file, arguing that the motion is untimely, prejudicial to the responding defendants, would evoke additional cross-claims and would unnecessarily delay trial of this matter.  *Response in Opposition* [Docket No. 28] at p. 4.  The Temple Defendants have also filed a motion for leave to assert cross-claims against Defendant United States, in the event that the Court grants the motion for leave to file cross-claims against them.  *Temple Defendant's Motion to Assert Cross-Claims Against Defendant United States* [Docket #29][1].

Under Rule 14(a) of the Federal Rules of Civil Procedure, a defendant must seek leave of Court to join an additional party if more than 14 days have elapsed since the defendant filed its original answer.  Under Local Rule 14.1, after the 14 day period expires, applications for leave to join additional parties will ordinarily be denied as untimely if they are filed more than ninety (90) days after the service of the moving party's answer.  However, "[i]f it is made to appear, to the satisfaction of the court, that the identity of the party sought to be joined, or the basis for joinder, could not, with reasonable diligence, have been ascertained within said time period, a brief further extension of time may be granted by the court in the interests of justice."  *E. Dist. Of Pa. Local R. Civ. P. 14.1(a).*

If the motion for leave to join an additional party is untimely, the burden is on the moving party to demonstrate circumstances sufficient to justify the delay.  *Reynolds v. Ricks' Mushroom Service, Inc.,* Civ.A. No. 01-3773, 2003 WL 22741335 at*2 (E. D. Pa. November 17, 2003).  Whether to permit the joinder under Rule 14(a) rests within the sound discretion of the court.  Factors to be considered by the court include: (1) possible prejudice to the plaintiff; (2) the potential for complication of issues at trial; (3) the probability of trial delay; and (4) the timeliness of the attempt to join the third party.  *Id.* at *2 and *4.

---

1   Defendant United States has no objection to the Temple Defendants' request to file cross-claims against it, should this Court grant the United States' motion for leave to file its cross-claims.  *United States' Reply Brief* [Docket #30].

In this case, because the 14 day period provided under F.R.C.P. 14(a) has expired, Defendant United States was required to seek leave of court to file its third party complaint. As the Temple Defendants argue, this motion is untimely under Local Rule 14.1 because it was filed well after the 90 day period set forth in this rule. However, I find that Defendant United States has met its burden to demonstrate circumstances to justify the delay.

First, there is no concern about prejudice to Plaintiff from the joinder of Erin Corley. Plaintiff has not objected to Defendant United States' motion and at this stage of the litigation, where fact-based discovery is still proceeding, Plaintiff will not be prejudiced by another extension of the discovery deadline[2].

Second, adding Ms. Corley will not complicate the issues for trial. The only additional issue that Ms. Corley's joinder presents is the extent to which she may be liable to Defendant United States for contribution and indemnification. Any liability of both the United States and Ms. Corley stems from the care provided to Plaintiff and Liana Figueroa, and arises from the core facts upon which Plaintiff's medical malpractice claims are based.

Third, joinder of Ms. Corley will not unreasonably delay the trial. The parties are still in the discovery phase of litigation. No expert discovery has begun, nor have dispositive motions or trial been scheduled. Given the substantial similarity of the facts and issues in the complaint and the third party complaint, any delay in pretrial proceedings is not unreasonable in order to adjudicate all related matters in one suit.

Finally, Defendant United States represents that it waited to file its motion for leave to file a third party complaint until after its neonatal resuscitation expert had an opportunity to review Ms. Corley's deposition transcript and confirm that the care she provided had fallen beneath the applicable standard of care. Also, under the terms agreed upon by the parties as a

---

2  As both Defendant United States and the Temple Defendants have asserted that the deposition of a fact-based witness is outstanding, none of the Defendants can assert prejudice as a result of an extension of the discovery deadline.

result of their Rule 26(f) planning meeting, which were approved by the Honorable Thomas N. O'Neill, Jr., the parties agreed that the defendants would be permitted to amend pleadings or join parties up to thirty (30) days before the first trial date.

Because the factors weigh in favor of permitting Defendant United States to file a third party complaint against Erin Corley, I will grant the motion for leave to file the third party complaint.

I further find that the filing of cross-claims by Defendant United States and the Temple Defendants is appropriate as set forth in Rule 13(g) of the Federal Rules of Civil Procedure and will, therefore, grant both Defendant United States' and the Temple Defendants' motions to file cross-claims against their co-defendants.

BY THE COURT:

_S/M. FAITH ANGELL_____
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE